PARIENTE, J.,
specially concurring.
I fully concur in the decision to dismiss this case and write only to explain why I do not consider this decision to be in conflict with our prior decision in Trotter v. State, 576 So.2d 691 (Fla.1990). Our decision in Trotter sets forth the procedural requirements to preserve for appellate review a claim that the trial court erroneously denied a challenge to a juror for cause. 576 So.2d at 693. Under this decision, in order to preserve the claim that a challenge for cause had been erroneously denied, a party must exhaust his or her peremptory challenges and request an additional peremptory challenge to strike a specific juror who ultimately served on the jury. See id.
Nevertheless, it is also “well settled that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that raised below will not be heard on appeal.” Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992). In this case, when the petitioner requested additional peremptory challenges, his basis for doing so was not the court’s denial of his cause challenge. “Instead, he argued that the court had discretion to award more peremptory challenges because the information charged six counts, five of which were capital crimes.” Hammond, 727 So.2d at 980. As the Second District noted, this was a “completely different reason” argued in support of his request for additional peremptory challenges. Id. I conclude that the district court in this case merely applied the well-settled rule that a litigant cannot assert on appeal a different legal ground supporting reversal than had been argued in the trial court. See Hammond, 727 So.2d at 980 (citing Rodriguez, 609 So.2d at 499, and Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982)).